**\*\* E-filed February 21, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THIEN HUUNHUT NGUYEN,<br><br>  Plaintiff,<br><br>  v.<br><br>CHAU VAN BUI,<br><br>  Defendant.<br>_____/ | No. C12-00501 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: Docket Nos. 1, 6, 7] |

**INTRODUCTION**

On January 31, 2012, pro se defendant Chau Van Bui ("Bui") removed this case from Santa Clara County Superior Court. Docket No. 1 ("Notice of Removal"). Plaintiff Thien Huunhut Nguyen ("Nguyen") moves to remand and seeks immediate relief by requesting that the motion be heard on shortened time. Dkt. Nos. 6, 7. Because none of the parties have consented to the undersigned's jurisdiction, this court is unable to provide the dispositive relief sought. For the reasons stated below, the undersigned DENIES the Motion to Shorten Time, ORDERS that this case be reassigned to a district judge, and RECOMMENDS that this action be summarily remanded to state court.

**DISCUSSION**

Nguyen filed this unlawful detainer action against the defendant on January 6, 2012 in Santa Clara County Superior Court. Dkt. No. 6 ("Motion to Remand"), Exh. 10 ("Complaint").[1] According to the complaint, Nguyen acquired the subject property, a San Jose residence, through a foreclosure trustee's sale on December 15, 2011. Id. at ¶ 4. On December 29, Nguyen served Bui with a three-day Notice to Quit. Id. at ¶ 6. Defendant did not respond to the Notice, nor did she vacate the property. Id. at ¶ 7.

Removal to federal court is proper where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, the defendant asserts that removal is proper based on federal question jurisdiction. See Notice of Removal p. 2:17-27. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

---

[1] Defendant Bui did not attach a copy of the original complaint to the notice of removal. Plaintiff provided a copy of the complaint as an exhibit to the declaration of attorney Alan Horwitz in support of the Motion to Remand. See Dkt. No. 6, Exh.10.

Bui asserts that Nguyen's unlawful detainer claim is brought under several federal statutes, including the Truth in Lending Act, the Federal Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act. Notice of Removal at 2. However, the plaintiff nowhere mentions these statutes in the complaint, and – as noted above – only the complaint can provide the basis for federal question jurisdiction. <u>Discovery Bank</u>, 129 S. Ct. at 1272. Nguyen's complaint alleges only a cause of action for unlawful detainer under California law; it does not allege any federal claims whatsoever. <u>See</u> Complaint. Moreover, resolving Nguyen's unlawful detainer claim does not depend on resolution of any substantial issues of federal law. Accordingly, the defendant has failed to show that this action arises under federal law.

Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a).[2] In this matter, all parties are citizens of California, and plaintiff's complaint expressly states that the amount in controversy is less than $10,000. Complaint p. 1.

Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal question or diversity.

## CONCLUSION

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court judge. Nguyen's Motion to Shorten Time is DENIED and the hearing on his Motion to Remand is VACATED. The undersigned further

---

[2] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see <u>Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal.</u>, 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting *sua sponte* may not base its decision to remand solely upon such a defect. <u>Lively v. Wild Oats Markets, Inc.</u>, 456 F.3d 933, 935-36 (9th Cir. 2006).

RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: February 21, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C12-00501 HRL** Notice will be electronically mailed to:

Julie Rome-Banks          julie@bindermalter.com
Steven Naumchik         snaumchik@sbcglobal.net

**See General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Todd Rothbard
Allan Horwitz
Ryan Mayberry

Chau Van Bui
10291 Kenny Lane
San Jose, CA 94509

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

5